AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

JOHN BETTS

*Plaintiff*

v.   Civil Action No.

MARTHA ANNE SHEARMAN, CITY OF NEW YORK
POLICE OFFICER PABLO RODRIGUEZ
POLICE OFFICER JANE DOE, a fictitious name

*Defendant*

12 CV 3195

JUDGE OETKEN

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
MARTHA ANNE SHEARMAN,
CITY OF NEW YORK, 100 Church Street, NY NY 10007
P.O. PABLO RODRIGUEZ, 19th Precinct, 153 East 67th Street, New York, NY, 10065
P.O. JANE DOE, 19th Precinct 153 East 67th Street, New York, NY, 10065

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: APR 2 3 2012

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN BETTS

                Plaintiff,

-against-

MARTHA ANNE SHEARMAN,
CITY OF NEW YORK
POLICE OFFICER PABLO RODRIGUEZ
POLICE OFFICER JANE DOE, a fictitious name
                Defendants
-----------------------------------------------------------x

COMPLAINT IN A CIVIL ACTION

CIVIL ACTION NO.:

12 CV 3195

JUDGE OETKEN

FILED APR 23 2012 USDC WP SDNY

## JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

Venue properly lies in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## ALLEGATIONS

Plaintiff John Betts, by his undersigned attorneys, for his complaint against defendants states as follows:

1. At all relevant times, plaintiff John Betts was and is a resident of the State of New York, County of New York.

2. At all relevant times, defendant MARTHA ANNE SHEARMAN, (hereinafter "Shearman") was and is a resident of the State of New York, County of New York.

3. Defendant, THE CITY OF NEW YORK, was at all times relevant herein and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York

4. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

5. On or about January 20, 2011 and at all times relevant herein, PABLO RODRIGUEZ (hereinafter "Rodriguez") was a resident of the State of New York and resided in New York County.

6. On or about January 20, 2011 and at all times relevant herein, Jane Doe, a fictitious name representing the identity of an individual that is presently unknown, was a resident of the State of New York and resided in New York County.

7. On or about January 20, 2011 and at all times relevant herein, Rodriguez was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

8. On or about January 20, 2011 and at all times relevant herein, Jane Doe, was a duly sworn police officer of the New York City Police Department and was acting under the supervision of said department and according to his official duties.

9. On or about January 20, 2011 and at all times relevant herein, Rodriguez was acting under the color of law.

10. On or about January 20, 2011 and at all times relevant herein, Jane Doe was acting

under the color of law.

11. On or about January 20, 2011 and at all times relevant herein Shearman was a private individual who engaged in joint action with Jane Doe and Rodriguez to such an extent that she was acting under color of law.

12. On or about January 20, 2011 and at all times relevant herein Shearman, engaged in a conspiracy with Jane Doe and Rodriguez, the purpose of which was to violate the civil rights and liberties of Plaintiff.

13. On or about January 20, 2011 and at all times relevant herein Shearman and Plaintiff were duly married to each other.

14. At all times relevant herein, the defendants acted jointly and in concert with each other.

### COUNT I:  42 U.S. C. 1983

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

16. On or about January 20, 2011, Plaintiff was lawfully at an apartment which he resided in with Shearman at 930 Fifth Avenue, Apt 3C and 3D, New York, NY 10021 (hereinafter "the apartment").

17. On or about January 20, 2011 at approximately 11:30, Plaintiff and Shearman were in the apartment and upon information and belief, Shearman was under the influence of alcohol and other controlled substances and had become verbally combative towards Plaintiff.

18. On the aforementioned date, time and place, to avoid Shearman, Plaintiff locked himself into a spare bedroom, and Shearman attempted to gain forcible entry.

19. On the aforementioned date, time and place, Shearman, threatened Plaintiff that if he did not open the door, Plaintiff would call the police.

20. Upon information and belief, on January 20, 2011, Shearman called the New York City Police Department, and made false accusations that, among other things, Plaintiff had assaulted her.

21. On or about January 20, 2011, at approximately 1:00 a.m., police officers from the 19th Precinct, including Rodriguez and Jane Doe responded to the apartment and forcibly entered the bedroom which Plaintiff was sleeping in.

22. On or about January 20, 2011, at approximately 1:00 a.m., police officers Jane Doe and Rodriguez assisted Shearman in making a false allegation and in coached her in fabricating a contrived version of the events to justify a baseless and false arrest.

23. Upon information and belief, at the aforementioned time, date and place, Shearman accused Plaintiff of assault and harassment in that among other things, she claimed that Plaintiff slammed her arm against the ground, which caused substantial pain.

24. Upon information and belief, at the time that Shearman made the aforesaid accusations there were substantial reasons to doubt her credibility in that among other things, she was obviously intoxicated and high, in that she appeared to be strung out, in that she had in the past made false accusations against the Plaintiff, in that there was a lack of physical evidence that would support an assault charge.

25. Defendants acted jointly in charging Plaintiff with having committed Assault in the third degree in violation of Penal Law § 120.00, Resisting Arrest in violation of Penal Law 205.30 and Harassment in the Second Degree in violation of Penal Law § 240.26.

26. On the aforesaid date, time and place, no harassement had occurred and no such events in occurred in the presence of the Defendant police officers, and under New York Law they had no legal authority to arrest the Plaintiff for an alleged violation which did not occur in

their presence.

27. On the aforesaid date, time and place, Defendants knew or should have known that the aforesaid statements provided were false.

28. On the aforesaid date, time and place, Rodriguez arrested Plaintiff for resisting arrest.

29. At no time on January 20, 2011, were defendants authorized to arrest Plaintiff, nor did Plaintiff resist arrest at all.

30. On January 20, 2011, there was a lack of probable cause to believe that the Plaintiff had committed Harassment, Assault or Resisted Arrest or that any prosecution of Plaintiff for said charges would be successful.

31. As a result of the aforesaid arrest, Plaintiff suffered a deprivation of his liberty.

32. On January 20, 2011, Defendants Shearman, Rodriguez and Jane Doe jointly initiated a criminal prosecution against the Plaintiff, without probable cause to believe it could proceed and with malice.

33. On January 20, 2011, Defendant Rodriguez subjected Plaintiff to unreasonable and excessive force, all without provocation or justification and caused Plaintiff to suffer injury to his shoulder.

34. On January 20, 2011, Defendant Rodriguez who was aided and abetted by and in furtherance of a conspiracy with Jane Doe and Shearman prepared an accusatory instrument, which contained materially false, fabricated and contrived allegations, with knowledge of its falsity, and forwarded said accusatory information to the New York County District Attorney's Office.

35. All of the defendants acted with intent to do harm to plaintiff without excuse or justification.

36. All of the aforesaid criminal charges were resolved in Plaintiff's favor and were dismissed with prejudice on April 25, 2011.

37. Defendants jointly continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding their knowledge that said proceedings would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

38. All of the foregoing was a proximate cause of the injuries more fully described herein to plaintiff.

39. By and through the foregoing, Defendants falsely arrested and maliciously prosecuted Plaintiff.

40. By and through the foregoing, Defendant Rodriguez subjected Plaintiff to unreasonable and excessive force.

41. Defendants' actions violated the Plaintiff's civil rights including but not limited to his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution including but not limited to the right to due process, the right not to be unreasonably seized, the right not to be subjected to excessive force, the right to a fair trial, right not to be falsely arrested, the right not to be prosecuted with the use of fabricated evidence, the right not be arrested and imprisoned without probable case, the right of confrontation, and defendants further Maliciously prosecuted Plaintiff, subjected him to abuse of process, denied him his due process, denied him a fair trial, unreasonably seized the Plaintiff and violated his civil and constitutional rights.

42. Defendants' actions violated clearly established rights.

43. Defendants' action shocks the conscience.

44. No reasonable officer in the position of the defendants Rodriguez and Jane Doe would

have believed the actions of the defendants herein were objectively reasonable.

45. Defendants Jane Doe and Rodriguez had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant, but failed to do so thereby proximately causing plaintiff's injuries.

46. As a direct and proximate result of the foregoing acts committed by the defendants, the Plaintiff's liberty was constrained in that he was incarcerated for approximately one day, that he was subjected to limitations on his freedom, that forced to endure the harassment, humiliations, hardships and inhumanities associated with arrest and incarceration.

47. As a direct and proximate result of the foregoing acts committed by the defendants, the Plaintiff suffered great humiliation, ridicule, and mental anguish, depression, mental shock, mental trauma, post traumatic stress disorder, emotional and mental suffering, and aggravated pre-existing emotional and mental conditions, he suffered severe damage to his business, career and reputation, suffered substantial economic losses as a result of his unlawful prosecution, was forced to incur substantial attorneys' fees in connection with his defense.

48. In particular, the aforementioned acts by Defendants caused Plaintiff to miss critical meetings which investors and caused Plaintiff to suffer such emotional and mental illness that he was unable to tend to the needs of an upstart business, in which he had personally invested approximately One Hundred Thousand Dollars and in which he held Eight Hundred Thousand Shares, which were valued between Two dollars and fifty cents and Four dollars and fifty cents per share.

49. As a direct and proximate result of the Defendants' acts, Plaintiff was caused to loose his business and substantial financial gain.

50. Defendants are jointly and severally liable for the damages caused to Plaintiff herein.

## COUNT II: CUSTOM, POLICY AND MONNELL LIABILITY

51. Plaintiff repeats and reiterates each and every one of the foregoing allegations as if more fully stated herein.

52. At all times relevant herein the City of New York had a custom, policy and practice of improper training, improper supervision, allowing and permitting constitutional violations, tacitly permitting the subornation of perjury, tacitly permitting the fabrication of evidence, the coaching of witnesses in domestic cases, and the commencement and continuation of criminal prosecutions without probable cause and of other improper police practices at the 19th Precinct, which amounted to a deliberate indifference of plaintiff's rights.

53. At all times relevant herein Defendants Jane Doe and Rodriguez acted in accordance with the aforementioned custom, policy and practice, thereby allowed improper police procedures to be used and failed to prevent the occurrences described herein.

54. Defendants falsely arrested Plaintiff, initiated and continued criminal proceedings against plaintiff despite a lack of credible evidence against him, and notwithstanding their knowledge that said proceedings would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

55. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the New York City Police Department and the 19th precinct.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY

OF NEW YORK, as implemented by the New York City Police Department, were the moving force behind the constitutional violations suffered by plaintiff.

57. Apart from the foregoing practices and policies, defendant CITY OF NEW YORK exhibited a deliberate indifference toward the training and supervision of officers and police officers in the 19th precinct.

58. All of the foregoing were direct and proximate causes of the violations of Plaintiff's civil rights and the injuries complained of herein.

## COUNT III PUNITIVE DAMAGES

59. Plaintiff repeats and realleges each and every one of the foregoing allegations with the same force and effect as if fully set forth herein at length.

60. The foregoing acts were done recklessly, intentionally, wantonly and with gross indifference to the rights of plaintiff, thereby entitling him to punitive and exemplary damages.

## COUNT IV: ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988

61. Plaintiff repeats and realleges each and every allegation contained above with the same force and effect as if fully set forth herein at length.

62. The foregoing events constitute violations of plaintiff's statutory and constitutional rights, thereby entitling him to attorneys fees, costs and disbursements as permitted by 28 U.S.C. § 1988.

## COUNT V: FALSE ARREST, MALICIOUS PROSECUTION AND ABUSE OF PROCESS UNDER NEW YORK STATE LAW

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

64. By and through the foregoing, Shearman caused Plaintiff to be falsely arrested under New York Law, maliciously prosecuted under New York law and subjected Plaintiff to abuse of process under New York State Law.

65. The aforesaid acts by Shearman caused the injuries, damages and financial losses complained of herein.

### COUNT VI: PRIMA FACIE TORT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

67. Defendant performed the aforesaid acts intentionally.

68. The aforesaid acts by Shearman were outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

69. The aforesaid acts were done by Shearman with the intent to and/or the disregard of a substantial probability of causing severe emotional distress to the plaintiff.

70. The aforesaid acts by Shearman proximately caused plaintiff to suffer extreme emotional distress, depression, shock, humiliation and mental and emotional injuries and exacerbated pre-existing emotional conditions, the full extent of which is not yet known.

71. Defendant Shearman performed the aforesaid acts with the intent to inflict harm upon the Plaintiff and with malice and for an improper motive.

72. Defendant Shearman performed the aforesaid actions at all times relevant herein, without excuse or justification.

73. Defendant Shearman is liable to Plaintiff for intentional infliction of emotional distress and for prima facie tort.

74. As a result of the aforesaid actions of the defendants, Plaintiff has sustained special damages including but not limited to loss of the capital in the amount of One Hundred Thousand Dollars utilized to form Expan Inc., in which Plaintiff had an ownership interest and was the Chief Executive Officer and the loss of Eight Hundred Thousand Shares which were valued between two dollars and fifty cents and four dollars and fifty cents.

75. Plaintiff is entitled to an award of compensatory and punitive damages.

Dated: White Plains, N.Y.
April 23, 2012

Yours etc.,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: *[signature]*
Michael H. Joseph, Esq. (MJ8838)
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330
Fax: (914) 358-5379